IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:11-CR-70 |
| MARIA IGNACIA RAVELO-RODRIGUEZ, | ) | (PHILLIPS/SHIRLEY) |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the following pretrial motions:

(1) Defendant Maria Ignacia Ravelo-Rodriguez's Motion for Disclosure of Material Witnesses, filed on August 25, 2011 [Doc. 22];

(2) The Defendant's Request for Pretrial Disclosure of Rule 404(b) Evidence, filed on August 25, 2011 [Doc. 23];

(3) The Defendant's Motion for Notice of Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B), filed on August 25, 2011 [Doc. 24];

(4) The Defendant's Motion for Pretrial Production of Witness Statements, filed August 25, 2011 [Doc. 25]; and

(5) The Defendant's Request for Notice of Electronic Surveillance, filed on August 25, 2011 [Doc. 27].

The parties appeared before the undersigned for a motion hearing on October 5, 2011. Assistant United States Attorney Zachary C. Bolitho appeared on behalf of the Government.

1

Attorney Randall E. Reagan appeared on behalf of the Defendant, who was also present. The Court now addresses each of these motions in turn.

The Defendant is charged in a single-count Indictment [Doc. 3] with illegally reentering the United States after having previously been deported following a conviction for an aggravated felony.

## I. MOTION FOR DISCLOSURE OF MATERIAL WITNESSES

In the Defendant's Motion for Disclosure of Material Witnesses [Doc. 22], she summarily cites Roviaro v. United States, 353 U.S. 53 (1957), and requests that the Court order the Government to provide defense counsel with a list of all persons known to the Government to have been present during the commission of the alleged offense. At the hearing, defense counsel clarified that the Defendant's request is meant to obtain the identities of all other agents, who present during the incidents surrounding the Defendant's arrest, for impeachment purposes at trial. The Government responds [Doc. 31] that it is not required by Rule 16 of the Federal Rules of Criminal Procedure to provide a witness list and that a defendant must usually make a specific showing that such disclosure is necessary in her case to obtain a list. At the hearing, the Government argued that none of the agents discussed by the Defendant are witnesses material to the defense. After hearing argument from both parties, the Court took this motion under advisement.

As a general rule, the government is not required to disclose the names of its witnesses before trial. See United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir.), cert. denied, 510 U.S. 903 (1993); United States v. McCullah, 745 F.2d 350, 353 (6th Cir. 1984); see also United States v. Dark, 597 F.2d 1097, 1099 (6th Cir.), cert. denied, 444 U.S. 927 (1979). Moreover, with

regard to the identities of confidential informants, the Government enjoys a " privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers . . . [in order to further and protect] the public interest in effective law enforcement." Roviaro v. United States, 353 U.S. 53, 59 (1957) (citations omitted). The informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. However, to compel the disclosure of the identity of a confidential informant, a defendant must do more than speculate that knowing that identity would be helpful to her defense. See United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). "An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial." Id.

In the present case, the Defendant has presented no compelling need for the disclosure of a witness list. The Defendant heard the testimony of both the arresting agent and the agent who questioned her and took her sworn statement in this case at the suppression hearing on October 5, 3011. Because the Defendant has articulated no specific reason why obtaining the names of the additional agents potentially involved in the Defendant's arrest would assist her in the defense of her case, the Court finds no basis to order the production of a witness list or require the Government to turn over the names of those federal agents. Accordingly Defendant Maria Ignacia Ravelo-Rodriguez's Motion for Disclosure of Material Witnesses **[Doc. 22]** is **DENIED**.

## II. DISCLOSURE OF 404(b) EVIDENCE

In the Defendant's Request for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 23],

she requests that the Court order the Government to disclose thirty days prior to trial all evidence which the Government intends to introduce at trial under Rule 404(b). Specifically, the Defendant seeks the names of any witnesses who will testify to a crime or bad act, summaries of such witnesses' intended testimony, whether such evidence will be a documentary exhibit, whether the crime, wrong, or bad act is presently under investigation or the subject of pending charges, and how the Government will seek to introduce the evidence under 404(b) at trial. In response [Doc. 32], the Government contends that the Court's Order on Discovery and Scheduling [Doc. 9] addresses this issue and that the Government will comply with the Order and give reasonable notice in advance of trial, reasonable notice being deemed to be seven calendar days prior to trial.

At the hearing, defense counsel confirmed that he has received the Defendant's criminal history and that he believes that he is aware of any possible 404(b) evidence at this point. Accordingly, defense counsel agreed that the seven days prior to trial provided for in the Court's Order on Discovery and Scheduling [Doc 9, ¶ I] is satisfactory in this case. Because the parties have agreed to follow the seven-day schedule set for in the Court's Order on Discovery and Scheduling and because the Defendant is aware of all 404(b) evidence in this case, the Defendant's Request for Pretrial Disclosure of Rule 404(b) Evidence **[Doc. 23]** is **DENIED as moot**.

### III. MOTION FOR NOTICE OF RULE 12(b)(4)(B) EVIDENCE

In the Defendant's Motion for Notice of Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) [Doc. 24], the Defendant requests that the Government provide notice to the Defendant of any evidence that the Government intends to use in its case-in-chief at trial that would arguably be subject to suppression under Rule 12(b)(4)(B) of the Federal Rules of Criminal

Procedure. In response [Doc. 33], the Government asserts that Rule 12 does not entitle the Defendant to obtain the Government's exhibit list but only items which would be subject to suppression through a defendant's motion to suppress. The Government further represents that no evidence was seized pursuant to a search in this case and points out that the Defendant has already filed a motion to suppress statements she made to law enforcement. Therefore, the Government contends that no further disclosures are required to comply with Rule 12(b)(4)(B).

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it is limited to evidence the defendant would be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See id. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends

to use such evidence in its case-in-chief.[1]

At the hearing, when questioned by the Court about what evidence, other than the statements alleged to have been made and addressed in the Defendant's Motion to Suppress Evidence [Doc. 26], the Defendant may be seeking to obtain and attempt to suppress through this motion, defense counsel represented that he believes that the Defendant has received all necessary discovery and that the Defendant no longer seeks evidence through this motion.

Accordingly, the Defendant's Motion for Notice of Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) **[Doc. 24]** is **DENIED as moot**.

### IV. MOTION FOR PRETRIAL PRODUCTION OF WITNESS STATEMENTS

In the Defendant's Motion for Pretrial Production of Witness Statements [Doc. 25], the Defendant requests that the Court order the Government to produce statements of witnesses relating to the subject matter of the witnesses' testimony prior to trial, to conserve time at trial by allowing counsel to review the statements and prepare in advance. The Government responds [Doc. 34] that the Jencks Act, 18 U.S.C. § 3500, requires only that the Government disclose witness statements after the witness has testified and that the Defendant is not entitled to early Jencks material. The Government also represents that it routinely provides Jencks material in advance of a witness' testimony in order to avoid recesses at trial.

---

[1] The Court notes that the government is not required to wait for the defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

The Jencks Act provides in pertinent part as follows:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500; see also Fed. R. Crim. P. 26.2. The Sixth Circuit has upheld the government's right under this statute to withhold witness statements or reports, even those that would be favorable to the defendant's defense, until after the witness testifies: "The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial." United States v. Presser, 844 F.2d 1275, 1283 (6th Cir. 1988).

Although the Jencks Act permits the government to wait for disclosure until after the witness testifies, the Sixth Circuit has encouraged the government to provide the information earlier in appropriate cases in order to prevent delay at trial. See United States v. Minsky, 963 F.2d 870, 876 (6th Cir. 1992). Additionally, this Court's Order on Discovery and Scheduling [Doc. 9, ¶ O] also encourages the early production of Jencks Act materials "as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials." However, the Sixth Circuit recognizes that in some cases the government may have a substantial reason for waiting until after the witnesses' testimony to disclose the Jencks material. See United States v. Algie, 667 F.2d 569, 572 (6th Cir. 1981).

In the present case, the Government noted its informal practice of providing Jencks materials in advance of trial in order to protect against delay. The Court finds that the Government

7

is aware of its duty to turn over witness statements after the witness testifies and has expressed an intent to permit earlier disclosure. In fact, at the hearing, counsel for the Government agreed to provide the Defendant with witness statements on the Friday, currently June 15, 2012, before the start of the Tuesday trial, currently set for June 19, 2012. The Defendant had no objection to this date. Because the Defendant's motion requests only that she receive Jencks materials "pretrial," and because she agreed to a date prior to the trial with the Government, the Defendant's Motion for Pretrial Production of Witness Statements **[Doc. 25]** is **DENIED**.

## V. REQUEST FOR NOTICE OF ELECTRONIC SURVEILLANCE

In the Defendant's Request for Notice of Electronic Surveillance [Doc. 27], the Defendant asks the Court to order the Government to provide her with "an inventory of all telephonic, radio and/or recorded information which has been intercepted and/or recorded by law enforcement officers during the investigation of this case." The Defendant further requests that the Court order the Government to provide her with the contents of intercepted communications if any exist, pursuant to 18 U.S.C. § 2510, *et seq*. The Government responds [Doc. 36] that no electronic surveillance was conducted in this case and no such evidence exists.

At the hearing, the Court questioned defense counsel as to whether he has any reason to believe that any electronic surveillance exists in this case, and he stated that he did not think so. Accordingly, the Defendant's Request for Notice of Electronic Surveillance **[Doc. 27]** is **DENIED as moot**.

# VI. CONCLUSION

Accordingly, it is **ORDERED**:

(1) Defendant Maria Ignacia Ravelo-Rodriguez's Motion for Disclosure of Material Witnesses **[Doc. 22]** is **DENIED**;

(2) The Defendant's Request for Pretrial Disclosure of Rule 404(b) Evidence **[Doc. 23]** is **DENIED as moot**;

(3) The Defendant's Motion for Notice of Evidence Arguably Subject to Suppression Under Rule 12(b)(4)(B) is **[Doc. 24]** is **DENIED as moot**;

(4) The Defendant's Motion for Pretrial Production of Witness Statements **[Doc. 25]** is **DENIED**; and

(5) The Defendant's Request for Notice of Electronic Surveillance **[Doc. 27]** is **DENIED as moot**.


**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge